IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RAYMOND MCCARVEY,

Petitioner,

v.  No. 16-0720-DRH

UNITED STATES OF
AMERICA,

Respondent.

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

On June 28, 2016, Raymond McCarvey, by and through counsel Harry Anderson, filed a motion for corrected or amended sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). In his § 2255 motion, McCarvey challenges his designation and sentence as a career offender under § § 4B1.1 and 4B1.2 of the United States Sentencing Guidelines based on *Johnson v. United States*, 135 S.Ct. 2551 (2015). The Court directed the government to file a response that same day (Doc. 2). Thereafter, the government filed its response (Doc. 8) and McCarvey filed a reply (Doc. 10). On October 19, 2016, the Court, after reviewing the pleadings, stayed this case pending a decision by the United States Supreme Court in *Beckles v. United States*, 616 Fed.Appx 415 (11th Cir. 2015), cert. granted, --- U.S. ---, 136 S.Ct. 2510, ---L.E.2d --- (2016) (Doc. 12). On March 6, 2017, the Supreme Court issued its decision in *Beckles v. United States*, 137 S.Ct. 866 (2017) (holding

broadly that advisory sentencing guidelines are not subject to vagueness challenges under the Due Process Clause, and thus, the reasoning of *Johnson* does not extend to § 4B1.2's residual clause).

In light of *Beckles*, the Court directed the parties to file status reports (Doc. 17). The parties did so (Docs. 21 & 22). Specifically, McCarvey states "The decision in Beckles, clarifies any split in authorities and has held that the Guidelines are not subject to vagueness challenge. As Petitioner's argument relies on the premise that the guidelines are subject to vagueness challenges there is no reason to continue to stay this petitioner [sic]. It would seem Beckles is dispositive of Petitioner's request for relief." (Doc. 22, ps. 1-2). Clearly, *Beckles* precludes McCarvey's § 2255 petition and there was no cognizable error in McCarvey's sentence.

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, this Court denies a certificate of appealability in this case. "A certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling," *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (emphasis added). This court concludes that jurists of reason would not find it debatable whether petitioner's motion states a valid claim of the denial of a constitutional right and also concludes that jurists of reason would not find it debatable whether this court correctly dismissed with petitioner's motion based on

*Beckles*.

Accordingly, the Court **DENIES** and **DISMISSES with prejudice** McCarvey's 28 U.S.C. § 2255 motion (Doc. 1). Further, the Court **DECLINES** to issue a certificate of appealability. The Court **DIRECTS** the Clerk of the Court to enter judgment in favor of the United States of America and against Raymond McCarvey.

**IT IS SO ORDERED.**

Signed this 17th day of May, 2017.

Judge Herndon
2017.05.17
18:09:37 -05'00'

**United States District Judge**